UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

-Southern Division-

---

**Mark A. Sanchez**

    Plaintiff,                                         Case No. 2011-
                                                           Honorable:

-v-

**City of Highland Park,**

    Defendant.

_____/

The F. L. Gibson Group, P.C.
**Fred L. Gibson P39530**
Attorney for Plaintiff
17001 19 Mile Rd., Ste 1-C
Clinton Twp., MI 48038-4867
586-416.2520 / 586-464.1629[fx]
attorneyfgibson@gmail.com
_____/

A civil action between these parties or other parties arising out of the transaction
or occurrence alleged in the complaint has been previously filed in this Court,
where it was given docket number 2:09-cv-14244 and was assigned
to Judge Denise Page Hood.  The action remains pending.


                       s/ Fred L. Gibson
                       Fred L. Gibson P39530


**COMPLAINT**

1

## NATURE OF CASE

Plaintiff, Mark A. Sanchez, asserts a 42 U.S.C. §1983 claim for failure to train its employees, in violation of U.S.C.A. 4, against the defendant - the City of Highland Park, as well as a claim for negligent hiring , resulting in injuries incurred and damages sustained during and subsequent to plaintiff's arrest, by a police officer employed by the defendant, on April 7, 2009.

## JURISDICTION AND VENUE

1. Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C.§1331; 28 U.S.C.§1343 and 28 U.S.C.§1367.

2. Venue is appropriate in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391.  Further, the events that gave rise to this lawsuit occurred in Wayne County, Michigan.

## PARTIES

3. Plaintiff, Mark A. Sanchez, is a resident of the State of Michigan, County of Oakland.

4. Defendant, City of Highland Park, is a municipal corporation with its principal business offices in Wayne County, State of Michigan.

## STATEMENT OF FACTS

5. At all times relevant and material to the facts of this case the City of Highland Park ['City']:

   a. Was charged with the statutory and constitutional responsibility for maintaining the health, welfare, and safety of its residents and non-residents alike.

   b. Maintained a police department.

   c. Was responsible for hiring, training, and equipping the individuals it hired to fulfill the duties and responsibilities of a police officer.

2

    d.    Was charged with the duty and obligation to execute its statutory duties within the parameters set forth by the constitution and laws of the State of Michigan and of the United States and was not to subject a private citizen, or cause a private citizen to be subjected to the deprivation of any rights, privileges or immunities secured by the Constitution and/or laws of the State of Michigan and/or of the United States.

7. Sometime prior to April 7, 2009, defendant City hired Daniel Jonoshies as a police officer.

8. Thereafter, on April 7, 2009, at approximately 1:00 a.m., Jonoshies stopped plaintiff's motor vehicle for an alleged traffic violation, while plaintiff was driving northbound on Woodward Avenue, through the City of Highland Park.

9. Subsequent to the stop of plaintiff's motor vehicle, Jonoshies arrested plaintiff for an alleged alcohol related driving offense.

10. Immediately after being told he was under arrest, Jonoshies, without any warning, deliberately, intentionally, and with great force, forced plaintiff to the ground and, while on the ground, before and after he was handcuffed, struck plaintiff in the rib cage area multiple times.

11. After affixing handcuffs to plaintiff's wrists, behind his back, Jonoshies grabbed the handcuffs and, without any warning, brought plaintiff to his feet by violently pulling upwards on the handcuffs.

12. Plaintiff was subsequently transported to the police station.

13. The force utilized by Jonoshies to effectuate the arrest of plaintiff, and activity engaged in by Jonoshies during the arrest process, as more fully described above, was objectively unreasonable in light of the facts and circumstances confronting Jonoshies.

14. By and through the acts above described, Jonoshies unnecessarily, willfully, wantonly and deliberately inflicted pain and injury on plaintiff.

15. That on the date and time above referenced, Jonoshies violated the law, the constitution and his sworn duty in that the act(s) and/or omission(s) attributable to defendant, as more fully described in the paragraphs above, was willful, wanton and/or taken with deliberate indifference and/or with reckless disregard to plaintiff's federally protected rights.

16. That as a direct and proximate result of the wrongful and unlawful act(s) and/or omission(s) attributable to Jonoshies, as above described, plaintiff suffered injuries, and damages, past, present, and future, including, by way of example, but not limitation, to:

    a.  closed fracture of the styloid process of the left ulna;
    b.  extreme pain, suffering, and emotional distress;
    c.  humiliation, mortification and embarrassment;
    d.  abrasions, lacerations, and contusions;
    e.  limitations in activities previously enjoyed and engaged in;
    f.  diminished wage earning capacity;
    g.  having to take medications to assuage pain;
    h.  necessity for ongoing medical care;
    i.  other injuries and damages and consequences that are found to be related to the events of April 7, 2009, that develop or manifest themselves during the course of discovery and trial.

17. That on October 29, 2009, plaintiff filed a lawsuit in the United States District Court for the Eastern District of Michigan, asserting a 4th Amendment claim for excessive force against Jonoshies. The lawsuit was assigned Case Number 2:09-cv-14244 and is presided over by the Honorable Denise Page Hood.

## **VIOLATION OF U.S.C.A. 4**

18. Plaintiff repeats each paragraph above as if fully set forth below.
19. The 4th Amendment protects individuals from the misuse of governmental power, particularly the use of excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen.
20. That during the discovery phase of that litigation identified in the preceding paragraph, it was established that:
    a. The City of Highland Park failed in any relevant respect to investigate the background and employment history of those individuals it hired and hires as police officers.
    b. The City of Highland Park failed in any relevant respect to train the individuals hired as police officers in proper police procedure, to include, but not limited to the use of force while effectuating an arrest, and to perform the other important tasks that officers are lawfully charged with carrying out.
    c. The City of Highland Park failed in any relevant respect to maintain any written policy(s) and / or procedure(s) to guide and direct its police officers in carrying out their duties and responsibilities as law enforcement officers.
    d. The City of Highland Park maintains no liability insurance and is without sufficient capitol to compensate those individuals who suffer harm as a result of the constitutional violations committed by its police officers.
21. The City's failure to investigate the background and employment history of those individuals it hired and hires as police officers evidences a knowing choice, deliberate indifference to, and reckless disregard of the rights of its residents and non-residents alike, and more specifically to the rights of Plaintiff.

22. The City's failure to train its police officers evidences a knowing choice, deliberate indifference to, and reckless disregard of the rights of its residents and non-residents alike, and more specifically to the rights of Plaintiff.

23. The City's failure to maintain liability insurance and/or sufficient capitol funding to compensate those individuals who suffer harm as a direct and/or proximate result of the constitutional violations committed by its police officers evidences a knowing choice, deliberate indifference to, and reckless disregard of the rights of its residents and non-residents alike, and more specifically to the rights of Plaintiff.

24. That as a direct and proximate result of the act(s) and/or omission(s) attributable to the City of Highland Park, plaintiff suffered injury and damages, as more fully set forth above.

### Relief Requested

Plaintiff requests judgement enter against the City of Highland Park in whatever amount above $75,000.00 he is found to be entitled, to include all compensatory, special, exemplary and/or punitive damages allowed by statute, case law and court rule(s), as well as the costs of this litigation, interest and reasonable attorney fees.

### REQUEST FOR JOINDER WITH PENDING CLAIM

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court, where it was given docket number 2:09-cv-14244 and was assigned to Judge Denise Page Hood.  The action remains pending. Plaintiff requests this case be joined with that action for all purposes including Trial.

Respectfully,

 s/ Fred L. Gibson
Fred L. Gibson P39530
Attorney for Plaintiff
17001 19 Mile Road, Ste 1-C
Clinton Twp MI 48038-4867
586.416.2520/586.464.1629 [fx]
attorneyfgibson@gmail.com